[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14404

_____

Agency No. A79-399-989

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2009
THOMAS K. KAHN
CLERK

ZHUANG PING LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 28, 2009)

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

BIRCH, Circuit Judge:

We withdraw our previous opinion, dated 4 December 2008 and published at 550 F.3d 1061, and substitute the following opinion in its place:

Zhuang Ping Lin ("Lin") petitions this court for review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his claims for asylum and withholding of removal under the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1101 et seq., and relief under the United Nations Convention Against Torture ("CAT"). After review, we deny the petition.

## I. BACKGROUND

Lin, a native and citizen of Fuzhou City, in the Fujian province of China, entered the United States on 2 May 2001. On 7 May 2001, the Department of Homeland Security (formerly the Immigration and Naturalization Service) issued Lin a notice to appear ("NTA") charging him with entering the country without a valid entry document, in violation of INA § 212(a)(7)(A)(i)(I).

During his 10 May 2001 credible fear interview, Lin alleged that he was persecuted on account of his political opinion because Chinese officials forced his girlfriend to undergo an abortion procedure as part of a coercive family planning policy. He claimed additionally that he feared he would be arrested if returned to China because he punched an officer who had attempted to fine him for living with

2

his girlfriend. On 10 August 2001, an IJ entered an <u>in</u> <u>absentia</u> order of removal for Lin. Lin later filed a motion to reopen, which the IJ granted. Lin appeared with counsel at a hearing before the IJ, admitted the allegations in the NTA, and conceded removability. That same day, Lin filed an application for asylum, withholding of removal and CAT relief, based on the same grounds he asserted during the credible fear interview. Lin indicated his marital status as "single" and stated that he did not have any children.

At the asylum hearing, Lin testified that he began living with his girlfriend in May 2001.[1] During that time, they attempted, but were unable, to marry because neither Lin nor his girlfriend met China's age requirements for marriage. Lin testified that after his girlfriend became pregnant, Chinese officials forced her to have an abortion because she and Lin were not married and they did not have a birth permit. A family planning official later came to Lin's house and fined him twenty thousand Renminbi for violating the family planning policy. Lin testified that he argued with the official, tore up the fine, and inadvertently hit the official in the face during their argument. The official left but returned within the hour with two public security officers to arrest Lin. Lin had already fled by that point, however. Lin testified that his mother told him that the planning officials have

---

[1] When the government pointed out that Lin fled China in April 2001, Lin clarified that his girlfriend began living with him in May 2000.

3

continued to try to find him. After fleeing China, Lin passed through Hong Kong and two or three other unknown countries before arriving in the United States. Lin admitted that he did not seek asylum in any of the other countries that he visited before arriving in the United States.

The IJ denied asylum, withholding of removal and CAT relief, concluding that Lin could not rely on his girlfriend's coerced abortion to establish past persecution because they were not married, and that he failed to show a well-founded fear of future persecution because a reasonable person in Lin's position would not fear returning to China on account of race, religion, nationality, membership in a particular social group, or political opinion. Because Lin was not entitled to asylum, he failed to meet the higher burden of establishing eligibility for withholding of removal. The IJ concluded alternatively that Lin's application was due to be denied because the IJ believed Lin was "clearly forum-shopping" when he decided to flee to the United States, rather than apply for asylum in one of the countries through which he traveled en route to the United States.[2]

_____

[2] The IJ also found that while Lin's testimony was "essentially consistent" with his application and the statements he made during his credible fear interview, his credibility was "somewhat diminished" by the inconsistency regarding when he lived with his girlfriend. The IJ did not, however, make an explicit adverse credibility determination. Accordingly, we must accept Lin's testimony as credible. See Mejia v. United States Att'y Gen., 498 F.3d 1253, 1257 (11th Cir. 2007).

4

The BIA adopted and affirmed the IJ's finding that Lin failed to state a claim upon which relief may be granted. Specifically, the BIA concluded that although Lin's claims were based on his girlfriend's forced abortion, "[t]here [was] no claim that the couple was married, under either civil laws or traditional custom." The BIA also affirmed the IJ's finding that Lin failed to meet his burden of proving eligibility for asylum, withholding of removal or CAT relief. Lin now seeks review of the BIA's decision denying relief.

## II. DISCUSSION

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the BIA does adopt the IJ's reasoning, we review the IJ's reasoning as well. Id. In this case, the BIA expressly adopted and affirmed some of the IJ's findings and articulated additional findings of its own. We therefore review both the IJ's and BIA's decisions.

We review de novo the BIA's and IJ's legal conclusions. See Hernandez v. United States Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). Findings of fact are reviewed under the substantial evidence test, which requires us to affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. United States Att'y

5

Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation marks and citation omitted).

On appeal, Lin contends that the IJ and BIA erred in concluding that his girlfriend's forced abortion was not imputable to him for purposes of establishing past persecution, and that he should not have been denied protection under the INA simply because he and his girlfriend were never married. We disagree.

A. Past Persecution

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1) (2008). The Attorney General or Secretary of Homeland Security has discretion to grant asylum if the alien satisfies his burden of establishing that he is a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

In 1996, Congress amended § 101(a)(42) of the INA to provide that forced abortions and involuntary sterilizations constitute persecution on account of political opinion:

6

[A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B). Shortly after its enactment, the BIA interpreted § 1101(a)(42) as conferring presumptive refugee status not only on persons who have been forced to undergo abortions or involuntary sterilization, but also on the spouses of such persons. See In re C-Y-Z-, 21 I. & N. Dec. 915, 919-20 (BIA 1997) (en banc) (applicant established past persecution based on wife's forced sterilization because "forced sterilization of one spouse . . . is an act of persecution against the other spouse"). The BIA subsequently clarified that its holding in C-Y-Z- was limited to applicants who are legally married under Chinese law and did not extend to an applicant claiming asylum based on his girlfriend's or fiancée's forced abortion. See In re S-L-L-, 24 I. & N. Dec. 1, 8-11 (BIA 2006). Consistent with these decisions, several of our sister circuits have held that spouses of women who have been subjected to forced abortions or sterilization pursuant to China's population control policies are entitled to a finding of past persecution under § 1101(a)(42). See Chen v. U.S. Att'y Gen., 491 F.3d 100, 108-09 (3d Cir. 2007); Chen v. Gonzales, 457 F.3d 670, 674 (7th Cir. 2006); Zhang v. Ashcroft, 395 F.3d

7

531, 532 (5th Cir. 2004); He v. Ashcroft, 328 F.3d 593, 604 (9th Cir. 2003). But

see Lin v. Dep't of Justice, 494 F.3d 296, 309 (2d Cir. 2007) (holding that

§ 1101(a) does not extend automatic refugee status to the spouse, boyfriend, or

fiancé of someone who has been forced to undergo, or is threatened with, an

abortion or sterilization).

In Matter of J-S-, 24 I. & N. Dec. 520, 521 (BIA 2008), however, the BIA

overruled C-Y-Z- and S-L-L- to the extent that those decisions articulated a per se

rule of spousal eligibility. Under the BIA's current interpretation of § 1101(a), an

applicant claiming persecution based on his or her spouse's forced abortion or

sterilization is not automatically entitled to refugee status but instead must

demonstrate that he or she was persecuted, or has a well-founded fear of future

persecution, based on "failure or refusal" to undergo such a procedure or "other

resistance" to a coercive population control program. Matter of J-S-, 24 I. & N.

Dec. at 537-38.[3]

We have not decided in a published opinion whether § 1101(a)(42) should

be read to confer automatic refugee status on the spouses of women who have

_____

[3] The BIA also recognized that an applicant who has not physically undergone a forced abortion or sterilization procedure is still eligible for asylum if: (1) "he or she has a well-founded fear of being forced to undergo an abortion or involuntary sterilization procedure;" (2) "the specific facts of his or her case justify asylum on grounds other than those articulated in section 601(a)"; or (3) "he or she satisfies the requirements for derivative asylum expressly set forth in section 208(b)(3)(A) of the [INA]." Id.

undergone forced abortions or involuntary sterilization, nor have we decided whether the BIA's decision in Matter of J-S- is entitled to deference under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S. Ct. 2778 (1984).[4]  We need not resolve this issue for purposes of this appeal, however, because Lin and his girlfriend were never married.  Rather, we conclude only that, at least outside of the "other resistance" clause of § 1101(a)(42), unmarried partners like Lin do not automatically qualify for protection under the forced abortion and sterilization provisions of the INA.  See Yang v. U.S. Att'y Gen., 494 F.3d 1311, 1317 (11th Cir. 2007) (per curiam) (holding that, "assuming husbands of women who were forced to have an abortion are entitled to asylum for that reason," the BIA's refusal to extend automatic refugee status under § 1101(a)(42) to unmarried fathers of aborted children was reasonable); see also Zhu v. Gonzales, 465 F.3d 316, 321 (7th Cir. 2006) (declining to extend refugee status under § 1101(a)(42) to the boyfriends of women who have undergone forced abortions or sterilization); Chen v. Ashcroft, 381 F.3d 221, 229 (3d Cir. 2004) (same); Zhang, 395 F.3d at 532 (same).  Accordingly, the

---

[4] Under Chevron, we must defer to an administrative agency's interpretation of a statute it is entrusted with administering if: (1) the language of the statute is silent or ambiguous with respect to the particular issue and (2) the agency's interpretation is *reasonable.*  467 U.S. at 843-44, 104 S. Ct. at 2782.  "The degree of deference is especially great in the field of immigration." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1327 n.4 (11th Cir. 2001).

IJ and the BIA did not err in finding that Lin's girlfriend's forced abortion was not imputable to him for purposes of establishing past persecution under the INA.

Although Lin based his asylum claim exclusively on his girlfriend's abortion and has raised no "other resistance" claim, we note further that, even assuming Lin's accidentally hitting the family planning official and tearing up the fine amounted to "other resistance," he has not made the requisite showing that he was persecuted on account of that resistance.  See Yang, 494 F.3d at 1318.  We have repeatedly stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (quotation marks, alteration, and citation omitted).

In this case, Lin was fined and threatened with arrest, but was neither detained nor physically injured during his encounter with the family planning officials. Accordingly, Lin suffered no harm amounting to persecution that would render him eligible for asylum under § 1101(a)(42).  See Zheng v. United States Att'y Gen., 451 F.3d 1287, 1290-91 (11th Cir. 2006) (per curiam) (finding no persecution where asylum petitioner was detained by Chinese government for five days but suffered no injuries); Barreto-Claro v. United States Att'y Gen., 275 F.3d

10

1334, 1340 (11th Cir. 2001) (finding no persecution where petitioner lost his job and was forced to take menial work but was never physically harmed, arrested, or detained).

B. <u>Well-founded Fear of Future Persecution</u>

An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a well-founded fear of future persecution on account of a statutorily listed factor. <u>See</u> <u>Sepulveda</u>, 401 F.3d at 1231; 8 C.F.R. § 208.13(b)(2). To prevail, the applicant's fear of persecution must be both "subjectively genuine and objectively reasonable." <u>See</u> <u>Al Najjar</u>, 257 F.3d at 1289.

Lin asserts that he has a well-founded fear of future persecution because he will be subjected to "heavy fines, detention, torture, forced hard labor in a labor camp and imprisonment" if returned to China. Appellant's Brief at 3. We disagree. We have held that fear of prosecution does not entitle an alien to asylum absent a showing that "the prosecution is based on a statutorily-protected ground, and . . . the punishment under that law is sufficiently extreme to constitute persecution." <u>Scheerer v. United States Att'y Gen.</u>, 445 F.3d 1311, 1316 (11th Cir. 2006). The record in this case demonstrates that Lin feared he would be prosecuted for striking a family planning official and leaving China illegally. Because these are not statutorily protected grounds, Lin cannot make the requisite

11

showing.[5] See, e.g., Barreto-Claro, 275 F.3d at 1340 (holding that prosecution for violating Cuba's travel laws was not persecution). Inasmuch as the record does not compel a finding that Lin has a well-founded fear of persecution on account of a protected ground, Lin cannot satisfy the more stringent standard applicable to a claim for withholding of removal or CAT relief. See Forgue, 401 F.3d at 1288 n.4 (noting that where petitioner fails to establish claim of asylum on merits, his claims for withholding of removal and CAT relief necessarily fail).

### III. CONCLUSION

Lin seeks review of the BIA's denial of asylum, withholding of removal and CAT relief. Because the evidence does not compel a finding that Lin suffered past persecution or has a well-founded fear of future persecution on account of his political opinion or any other protected ground, we DENY the petition.

**PETITION DENIED.**

---

[5] Lin argues additionally that he has a well-founded fear of persecution because if he were to have three children "in the future" he would be in violation of the family planning policy. Appellant's Brief at 3. Because he raises this argument for the first time on appeal, we decline to consider it. See Hurley v. Moore, 233 F.3d 1295, 1297 (11th Cir. 2000) ("Arguments raised for the first time on appeal are not properly before this Court.").

12