[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17264
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2009
THOMAS K. KAHN
CLERK

Agency No. A097-658-426

LIANG YIN SHAO,
a.k.a. Liang Yin Xiao,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 15, 2009)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Liang Yin Shao petitions for review of the final order of the Board of

Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ")

denial of his claims for asylum and withholding of removal under 8 U.S.C. §§

1158 and 1231, and relief under the United Nations Convention Against Torture

("CAT"), 8 C.F.R. § 208.16.  For the reasons stated herein, we deny the petition.

## I. BACKGROUND

On April 13, 2005, Shao, a native and citizen of China, received a notice to

appear charging him with entering the United States without a valid entry

document, in violation of 8 U.S.C. § 1227(a)(7)(A)(i)(I).  Shao conceded

removability and filed for asylum, withholding of removal, and CAT relief.

Shao argued that he was entitled to asylum because the Chinese government

had forced his wife to abort an unauthorized pregnancy and to be sterilized after

she gave birth to their second child.  In support of his asylum application, Shao

submitted a sworn statement with supporting documentation and testified before

the IJ.[1]  According to this evidence, officials forced Shao's wife to have an IUD

inserted following the birth of their first child.  Shao testified that he was not

present when officials took his wife because he was "on the street . . . shopping."

Because his wife had a bad reaction to the IUD, she asked a private doctor to

remove the device and, a few months thereafter, she became pregnant again.  Shao

---

[1] Shao presented letters from his wife, his father and a neighbor, birth certificates for members of his immediate family, his household register, his marriage certificate, and an x-ray examination report, birth control operation certificate, and other medical records for his wife.

sent his wife to live at his brother's house to hide the pregnancy, but Chinese officials found her, arrested her, and forced her to undergo an abortion and to have another IUD inserted. Several years later, the government allowed Shoa and his wife to remove the IUD and have another child. After the birth of their second child, officials came to their home and forcibly took Shao's wife to the hospital to undergo a sterilization operation. Shao testified that he "tried to stop [the officials taking away his wife] but there was no way for [him] to stop them." Six years later, Shao fled to the United States with the help of a smuggler, leaving his wife and two children in China. Shao testified that he believes, if he returned to China, he would be arrested, jailed, and fined for leaving the country illegally and would be persecuted because he had violated the family planning policies in China. Shao also submitted to the IJ a 2005 report entitled "China: Profile of Asylum Claims and Country Conditions", the 2004 State Department Country Report on human rights practices for China, and articles about China's birth control policy.

On August 3, 2006, the IJ denied Shao's application for asylum, withholding of removal, and CAT relief. The IJ found that Shao's assertions that his wife had been forced to have an abortion and had been involuntarily sterilized were not credible and that the fact Shao remained in China for six years after the sterilization of his wife belied his claimed fear of persecution for violating China's birth control policies. Accordingly, the IJ found that Shao had failed to establish

3

past persecution or a well-founded fear of future persecution on account of any of the five protected grounds enumerated by the INA. Because Shao failed to satisfy the lower burden of proof required for asylum, the IJ found that he also failed to satisfy the more stringent standard required to prove eligibility for withholding of removal. The IJ also found that Shao had not shown his eligibility for CAT relief.

Shao filed a notice of appeal with the BIA. The BIA upheld the IJ's decision, although on different grounds, and dismissed the appeal. In its decision dated December 2, 2008, the BIA noted that the Attorney General had recently determined that the basis of Shao's claim – that his wife had been forced to have an abortion and to be sterilized – did not per se state a valid claim for asylum. The BIA cited to Matter of J-S-, 24 I. &N. Dec. 520 (AG 2008), in which the Attorney General instructed the IJs and the BIA to engage in the "case-by-case assessment of whether an individual . . . who has not physically undergone a forced abortion or sterilization procedure can demonstrate that (i) he 'resisted' China's coercive population control program, (ii) suffered or has a well-founded fear that he will suffer persecution by the Chinese government, and (iii) can show that such persecution was inflicted or that he has a well-founded fear that it would be inflicted, 'on account of' his resistance to the coercive population control program." Applying this standard, the BIA found that Shao had provided "no evidence that he engaged in conduct which constitutes resistance to China's

4

coercive population control program such that he has been or would be persecuted upon return." The BIA did not adopt the decision of the IJ and made no finding regarding Shao's credibility.

In his petition for review, Shao argues that substantial evidence does not support the BIA's determination that he is not entitled to asylum, withholding of removal, or relief under the CAT.[2]

## II. STANDARD OF REVIEW

We review only the decision of the BIA, except to the extent it expressly adopts the IJ's opinion. De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1006 (11th Cir. 2008). We review legal conclusions de novo. Lin v. U.S. Att'y Gen., 555 F.3d 1310, 1314 (11th Cir. 2009). We review the BIA's factual determinations under the substantial evidence test and will leave them undisturbed if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. We cannot reverse factual findings unless the record compels it; "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Ruiz v. U.S. Att'y

---

[2] Shao also argues that the "BIA err[ed] in affirming the Immigration Judge's finding that Petitioner was not credible." As discussed above, however, the BIA did not adopt the IJ's credibility finding. When the BIA issues a decision, we review only that decision except to the extent that the BIA expressly adopts the IJ's decision. De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1006 (11th Cir. 2008). Because the BIA did not expressly adopt the IJ's decision as to Shao's credibility, we may not review the issue.

5

Gen., 440 F.3d 1247, 1255 (11th Cir. 2006) (quotation marks and citations omitted).

## III. ANALYSIS

At issue in this case is whether Shao has a well founded fear of persecution on account of his political opinion, thereby entitling him to asylum, under the following provision:

> [A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of a political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to such persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101 (a)(42)(B). Before 2008, the BIA interpreted this provision as providing that the "past persecution of one spouse can be established by coerced abortion or sterilization of the other spouse." In re C-Y-Z-, 21 I. & N. Dec. 915, 917, 919 (BIA 1997) (en banc). In 2008, however, the Attorney General overruled this interpretation and instructed the BIA to require the spouse of one forced to undergo involuntary sterilization to independently show his resistance to the coercive population control program and that he would be subject to persecution on account of this resistance. Matter of J-S-, 24 I. & N. Dec. at 523. Our circuit recently adopted this rule, concluding that the Attorney General's interpretation of

6

§ 1101 (a)(42)(B) was "reasonable and entitled to deference." Yu v. U.S. Att'y Gen., – F.3d –, 2009 WL 1457102, *5 (11th Cir. May 27, 2009). This court also held that the BIA's application of Matter of J-S- to cases that were open and on direct review when Matter of J-S- was decided did not involve an improper retroactive application of the law because the BIA was simply applying the "Attorney General's determination of what the law had *always* meant." Id. at *5 (emphasis in original). "Once the Attorney General clarified the meaning of § 1101(a)(42)(B) in Matter of J-S-, that decision became the controlling interpretation of the law and was entitled to full retroactive effect in all cases still open on direct review, regardless of whether the events predated the Attorney General's decision." Id.

In his petition for review, Shao argues that the BIA should have remanded his case to the IJ for reconsideration because, at the time the administrative record was developed, the law only required Shao to show that his wife had been forcibly sterilized in order for him to be entitled to refugee status. Shao asserts that the record shows that he "resisted" China's coercive population control program through his unsuccessful attempts to protect his wife from being forcibly sterilized, but that he did not have a meaningful opportunity to develop this aspect of the record. Shao notes that, in a footnote in Matter of J-S-, the Attorney General contemplated that certain cases decided under the BIA's former per se rule should

7

be remanded in light of the change in the rule. 24 I. & N. Dec. at 543 n.15.

Accordingly, Shao asserts that justice demands that this matter be remanded so that he may present additional evidence and the IJ may consider in the first instance whether Shao has a well-founded fear of persecution on account of his political opinion.

We disagree. In Matter of J-S-, the Attorney General noted that remand may be appropriate, but limited this remedy to cases in which the record indicated that the applicant may be entitled to relief if given a full opportunity to present evidence:

> Whether the Board and the courts should remand other cases for reconsideration in light of this opinion depends on the particularized facts of those cases. Where, as here, a case that was decided principally on the basis of the per se rule appears to involve credible evidence of threats or action against the applicant that might support relief under the legal framework set forth herein, but that were not adequately considered or developed before the Immigration Judge, it may be an appropriate exercise of the Board's discretion to order a remand.

Id. In this case, Shao had a full opportunity to present evidence of past or future persecution on account of his "other resistance" to China's policies. At his removal hearing, Shao told the full story of his wife's forced abortion and sterilization. Shao testified that he and his wife attempted to hide her unauthorized pregnancy and that he "tried to stop" the Chinese officials from taking his wife to be sterilized. Even assuming this conduct could be construed as "other resistance,"

8

Shao did not claim or present <u>any</u> evidence indicating that he was persecuted in the six years he remained in China after committing these alleged acts of resistance, nor did he present evidence indicating that one who has resisted China's family planning policies has a well-founded fear of such persecution. Moreover, Shao does not indicate what kind of evidence he would present if given the opportunity. Although remand may be appropriate where an applicant has presented "credible evidence of threats or action against the applicant that might support relief" which were not "adequately considered or developed" before the IJ, we conclude that remand is not required where, as in this case, there is nothing in the record to indicate what other evidence of persecution an applicant could have offered, nor does the applicant say. Accordingly, we also conclude that substantial evidence in the record supports the BIA's determination that Shao has not shown either past persecution or a well-founded fear of future persecution on account of his resistance to China's family planning policy or any other protected ground.[3] <u>See</u> <u>Yu</u>, 2009 WL 1457102 (noting that to the extent hiding his wife from authorities to avoid sterilization could considered "other resistance," the record did not compel a finding of persecution where Yu was never detained or physically harmed); <u>Lin</u>,

_____

[3] Although Shao testified at the hearing before the IJ that he would be imprisoned and fined for leaving China illegally, he does not raise this claim in his petition. Accordingly, this claim has been abandoned. <u>See</u> <u>Sepulveda</u>, 401 F.3d at 1228. Even if he had raised the issue, "prosecution for leaving China illegally is not a statutorily protected ground entitling an alien to asylum." <u>Yu</u>, 2009 WL 1457102 at *7 n.4 (citing <u>Lin</u>, 555 F.3d at 1316).

9

555 F.3d at 1316 ("[E]ven assuming Lin's accidentally hitting the family planning official and tearing up the fine amounted to 'other resistance,' he has not made the requisite showing that he was persecuted on account of that resistance.").

Inasmuch as the record does not compel a finding that Shao has a well-founded fear of persecution on account of a protected ground, Shao cannot satisfy the more stringent standard applicable to a claim for withholding of removal or CAT relief. Lin, 555 F.3d at 1317.

## IV. CONCLUSION

Because the evidence does not compel a finding that Shao suffered past persecution or has a well-founded fear of future persecution on account of his political opinion or any other protected ground, we **DENY** the petition.

**PETITION DENIED.**