[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10831
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2010
JOHN LEY
CLERK

Agency Nos. A099-555-398, A099-555-399

DORA NELCY SANCHEZ-LEDESMA,
LUIS MARIO SUAREZ-NARVAEZ,
et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 23, 2010)

Before EDMONDSON, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Dora Nelcy Sanchez-Ledesma,[1] a native and citizen of Colombia, seeks review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order finding her removable and denying her application for asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231. On appeal, Sanchez-Ledesma argues: (1) the BIA erred in concluding she was not persecuted on account of her political opinion, and (2) she should be granted asylum based on her membership in a particular social group. After review, we deny the petition in part and dismiss it in part.[2]

I.

Sanchez-Ledesma agues the BIA erred in concluding she was not persecuted on account of her political opinion. She asserts the BIA erroneously applied the "nexus test" in a unidimensional manner, ignoring its obligation to determine if an applicant can show her persecution was motivated at least in part by a protected ground. She further asserts her employment and political opinion were

---

[1] Sanchez-Ledesma appeals on behalf of herself, her husband Luis Mario Suarez-Narvaez, and her son Santiago Ospina-Sanchez, who are listed as derivative beneficiaries on her asylum application.

[2] We review the BIA's legal conclusions *de novo*. *Lin v. U.S. Att'y Gen*, 555 F.3d 1310, 1314 (11th Cir. 2009). We review the BIA's findings of fact under the substantial evidence test, which requires us to affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. United States Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005).

2

inextricably linked, compelling the conclusion the Revolutionary Armed Forces of Colombia's (FARC) mistreatment of her was based in part on her political opinion.

The government has discretion to grant asylum if an alien establishes he is a "refugee," which requires a showing that "race, religion, nationality, membership in a particular social group, or political opinion, was or will be *at least one central reason* for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i) (emphasis added). Thus, a showing the persecution was motivated at least in part by a protected ground will permit the applicant to establish eligibility for asylum. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1232 (11th Cir. 2007).

Persecution on the basis of political opinion must be on account of the victim's opinion. *INS v. Elias-Zacarias*, 112 S. Ct. 812, 816 (1992). An imputed political opinion may also constitute a ground for a well-founded fear of persecution. *Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 820 (11th Cir. 2007) (quoting *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001)). To succeed on a theory of imputed political opinion, an alien must show the "persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views." *Al Najjar*, 257 F.3d at 1289.

"To warrant reversal of the BIA's finding that an alien has failed to demonstrate a sufficient nexus between his political opinion and his alleged persecution, we must be compelled to find that the alien will be persecuted because

3

of his political opinion." *Rodriguez Morales v. U.S. Atty. Gen.*, 488 F.3d 884, 890 (11th Cir. 2007) (quotations omitted). Evidence that is consistent with acts of personal retribution, a petitioner's failure to cooperate with guerillas, or that merely shows a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground. *Sanchez v. U.S. Atty Gen.*, 392 F.3d 434, 438 (11th Cir. 2004). When the evidence could equally support an inference of political persecution or nonpolitical motivation, we will not be "compelled" to reverse the BIA's determination the motivation was nonpolitical. *See Rodriguez Morales*, 488 F.3d at 891 (refusing to overturn the BIA's determination petitioner was threatened for refusal to provide dental services despite the fact the evidence could support a finding of political persecution).

The BIA determined the FARC's threats against Sanchez-Ledesma were neither motivated in whole or in part by her political opinion. In doing so, the BIA applied the nexus test correctly. *Sanchez Jimenez*, 492 F.3d at 1232. The BIA based this determination on the record, which consisted of Sanchez-Ledesma's testimony and various documentary exhibits. In her testimony, Sanchez-Ledesma expressly stated she believed the FARC took action against her because of knowledge she obtained on her job, namely, the identities of previously-unknown guerilla collaborators. The nature of at least some of the FARC's calls was for her to stop doing her work. Although the calls continued after she resigned her

4

position, Sanchez-Ledesma stated the calls continued because the intelligence she had obtained about guerilla operations and certain collaborators could be harmful to the FARC's efforts. This evidence supports the conclusion the FARC targeted Sanchez-Ledesma because of her job duties. *Sanchez*, 392 F.3d at 438. Therefore, the BIA's decision that any mistreatment Sanchez-Ledesma suffered was not on account of her political is supported by substantial evidence on the record.[3]

## II.

Sanchez-Ledesma contends she is protected as a member of a "particular social group," because she is an active member of the conservative party who is also a former high-level government official charged with politically sensitive tasks. Sanchez-Ledesma further argues the IJ erred in concluding she had not established past persecution and a well-founded fear of future persecution.

"We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Atty. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). As such, if an alien fails to raise a challenge in his appeal to the BIA, we

---

[3] As Sanchez-Ledesma has failed to satisfy the requirements for asylum, she has similarly failed to satisfy the more stringent requirements for withholding of removal. *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1243 (11th Cir. 2006).

may not consider such a challenge in his petition for review. *Amaya-Artunduaga*, 463 F.3d at 1250.

During the course of the proceedings, Sanchez-Ledesma sought relief on account of her political opinion, and did not argue a claim of error based on her membership in a social group. In the course of her appeal to the BIA, Sanchez-Ledesma's counsel never advanced a substantive argument based on her membership in a social group. Accordingly, she has failed to exhaust her administrative remedies, and we are jurisdictionally barred from reviewing her claim for relief on this ground. *Amaya-Artunduaga*, 463 F.3d at 1250.

**PETITION DENIED IN PART, DISMISSED IN PART**.