[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2010
JOHN LEY
CLERK

No. 09-15719
Non-Argument Calendar

_____

Agency Nos. A093-396-828
A093-396-829

GUI HUA LIU,
GUO ZHENG,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 11, 2010)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Gui Hua Liu and her husband, Guo Zheng, natives and citizens of China, petition for review the decision of the Board of Immigration Appeals that dismissed their appeal of the denial of Liu's application for asylum and withholding of removal under the Immigration and Nationality Act. 8 U.S.C. §§ 1158, 1231. The Board found that Liu failed to prove that she had a well-founded fear of future persecution. We deny the petition.

We review the decision of the Board to determine whether it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Lin v. U.S. Att'y Gen., 555 F.3d 1310, 1314 (11th Cir. 2009) (quoting Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005)). "To reverse [those] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). We review the legal conclusions of the Board de novo. Id. at 1287 n.6.

Substantial evidence supports the finding of the Board that Liu will not likely experience persecution upon her return to China. "To establish a well-founded fear of future persecution, an applicant must "'present specific, detailed facts showing a good reason to fear that [she] . . . will be singled out for persecution. . . .'" Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1345 (11th Cir. 2008) (quoting Al Najjar v. Ashcroft, 257 F.3d 1262, 1287 (11th Cir. 2001)). Liu has not satisfied this standard.

2

The Board was entitled to find that Liu failed to prove that she would be forcibly sterilized because she gave birth to two children in the United States. Liu testified that she did not know of anyone who had been forcibly sterilized after returning to China with children born in the United States. Although Liu submitted certificates purportedly issued by the Hu Bin Village Committee and the Ting Jiang Town Family Planning Office, which stated that residents would be sterilized upon their return, Liu does not challenge the finding of the Board that these documents were entitled to "limited weight" because of their questionable authenticity. The record contains substantial evidence that unregistered children born to a Chinese citizen in a foreign country would not be included in the number of children allowed under family planning laws.

The Board also was entitled to find that Liu also failed to prove that she would suffer economic harm that would amount to persecution. The payment of a single fine for violating family planning laws does not constitute persecution. See Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1203 (11th Cir. 2005). "Not all exceptional treatment is persecution," Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000), and there is evidence in this record that social compensation fees are adjusted according to the location and income of a family, the fees can be paid in installments, and the government cannot garnish wages to collect the fees.

We **DENY** Liu's petition for review.