[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13799
Non-Argument Calendar
_____

Agency No. A089-113-633

SOUBIN JIANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 28, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Soubin Jiang, a native and citizen of the People's Republic of China,

petitions for review of an order that affirmed the denial of his applications for

asylum and withholding of removal under the Immigration and Nationality Act and

relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment.  8 U.S.C. §§ 1158, 1231.  An immigration judge denied Jiang's application for asylum as untimely and found him not credible, and the Board of Immigration Appeals affirmed.  We dismiss in part and deny in part Jiang's petition.

Jiang argues that he is eligible for asylum and relief under the Convention, but we lack jurisdiction to consider his arguments.  Jiang argues that he testified credibly about filing his application for asylum within one year of entering the United States, but "regardless of whether [Jiang's] application was timely . . . it is not within this Court's jurisdiction to review a denial of asylum on [that] ground[]."  Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007).  Jiang also argues that he is eligible for relief under the Convention, but Jiang failed to make that argument in his appeal to the Board.  See Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006).  "[A]bsent a cognizable excuse or exception, we lack jurisdiction to consider claims that have not been raised before the [Board]." Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (internal quotation marks omitted).  Jiang also argues that he is "more likely than not . . . to be subject to a forced sterilization procedure . . . if [he] returns to China," but Jiang did not mention forced sterilization in his application for asylum or in his appeal to the Board.  See Lin v. U.S. Att'y Gen., 555 F.3d 1310, 1317 n.5

2

(11th Cir. 2009) (declining to consider a new argument in support of asylum for the first time on appeal). We dismiss Jiang's petition for review of the denial of his applications for asylum and relief under the Convention.

Jiang challenges the denial of his application for withholding of removal, but substantial evidence supports the finding that Jiang was not credible. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001). Jiang based his claim of persecution primarily on his arrest by local police, but there were inconsistencies between Jiang's application, his testimony, and his corroborating evidence. Jiang alleged in his application and testified during his hearing that he was arrested for distributing leaflets, but an affidavit prepared by Jiang's cousin living in Florida stated that Jiang had been arrested for "distributing Bibles." Jiang alleged in his application that he had been "harshly interrogated," "verbally abused," deprived of food and water, and threatened with "severe mistreatment" following his arrest, but Jiang testified that he was beaten brutally after his arrest. Jiang did not mention in his application that another person was arrested for church activities, but Jiang testified at his hearing that another church member was arrested after he fled China. The record does not "compel a reasonable fact finder" to credit Jiang's testimony. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006).

Jiang argues that the immigration judge failed to consider the totality of the circumstances in considering his application, but we disagree. The immigration judge considered declarations submitted by Jiang's mother and Jiang's friend, but gave those declarations "very little weight" because they had been prepared recently by interested parties. The immigration judge also considered a Certificate of Detention from the Station of Public Security in ChangLe City, but the immigration judge gave the unauthenticated certificate "little weight" because of information in the Country Profile that documents from China were subject to widespread fabrication. The immigration judge was entitled to discredit Jiang's corroborating evidence based on its questionable reliability. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1353 (11th Cir. 2009).

We **DISMISS** Jiang's petition for review of the denial of asylum and relief under the Convention and **DENY** his petition for review of the denial of withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART.**

4