[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12028
Non-Argument Calendar
_____

Agency No. A094-806-031


LUIS EDUARDO SAGASTUME-MONTIEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 17, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Luis Eduardo Sagastume-Montiel, a native and citizen of Guatemala, petitions for review of an order affirming the denial of his application for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). The Board of Immigration Appeals affirmed the finding that Sagastume-Montiel was removable as an inadmissible alien by virtue of being an applicant for admission to the United States without a valid entry document. *See id.* § 1182(a)(7)(A)(i)(I). Sagastume-Montiel argues that he was not an applicant for admission because he was allowed to reenter the country under an advance authorization for parole. Sagastume-Montiel also argues that, even if he was an applicant, his advance parole was a "valid entry document" that entitled him to admission to the country. We deny in part and dismiss in part Sagastume-Montiel's petition.

The Board did not err in finding that Sagastume-Montiel was an inadmissible alien. In 1998, Sagastume-Montiel entered the United States on a nonimmigrant visa, but he remained in the country without authorization and was arrested after misrepresenting that he was a U.S. citizen. After Sagastume-Montiel's immigration proceedings were deferred, he received advance authorization for parole and left the country. Sagastume-Montiel returned to the United States as an inadmissible alien. "[A]t the time of application for admission," Sagastume-Montiel was "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid

entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality." *Id.* Although Sagastume-Montiel was paroled into the United States, "such parole . . . [was] not . . . regarded as an admission" and it was immediately terminated, which resulted in him being "dealt with . . . as that of any other applicant for admission to the United States." *See id.* § 1182(d)(5)(A); *see also id.* § 1101(a)(13)(B) ("An alien who is paroled under section 1182(d)(5) of this title . . . shall not be considered to have been admitted."). Parole "allowed [Sagastume-Montiel] into the country but [he] remain[ed] constructively at the border, seeking admission and subject to exclusion proceedings." *See Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1338 (11th Cir. 2003); *see also Leng May Ma v. Barber*, 357 U.S. 185, 190 (1958) ("parole . . . is simply a device through which needless confinement is avoided while administrative proceedings are conducted" and "was never intended to affect an alien's status"). We deny that part of Sagastume-Montiel's petition challenging his classification as an inadmissible alien.

We lack jurisdiction to review whether Sagastume-Montiel's advance parole served as a valid entry document. That issue was not addressed during Sagastume-Montiel's removal hearing or in his appeal to the Board. *See Lin v. U.S. Att'y Gen.*, 555 F.3d 1310, 1316–17 n.5 (11th Cir. 2009). "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his

administrative remedies with respect thereto." *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss this part of Sagastume-Montiel's petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**