[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-12162

Non-Argument Calendar

_____

SANDRA FELIX-MARROQUIN,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-623-619

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Sandra Felix-Marroquin, a native and citizen of Guatemala, seeks review of the BIA's order affirming the IJ's denial of her asylum and withholding-of-removal application.[1] She sought asylum based on her membership in three particular social groups: (1) Guatemalan girls who are abused solely because of their gender, (2) Guatemalan girls viewed as property solely because of their gender, and (3) relatives of victims of international criminal violence. In particular, an individual raped Felix-Marroquin, and after her family reported the rape to the police, the same attacker also raped her sister. Additionally, gang members killed her father when he refused to join their gang, and they later killed her uncle as well. Following her uncle's death, Felix-Marroquin fled to the United States and applied for asylum. The attacker has not contacted Felix-Marroquin since the rapes occurred more than a decade ago.

To obtain asylum, an applicant must establish past persecution or a well-founded fear of future persecution on account of a protected ground, such as membership in a particular social group.

---

[1] Before the BIA, Felix-Marroquin didn't challenge the IJ's decision to deny her protection under the Convention Against Torture. Accordingly, we lack jurisdiction to review that claim. 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).

*Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005) (per curiam).  The BIA concluded that the IJ did not clearly err in determining that Felix-Marroquin's rape was a crime of opportunity rather than persecution on account of a statutorily protected ground.  For that reason, the BIA determined, Felix-Marroquin failed to "establish a nexus between the past persecution she suffered and any of her proposed particular social groups."

Before us, Felix-Marroquin offers no argument that the BIA erred in concluding no nexus existed between her persecution and a statutorily protected ground.  She asserts only that the IJ erred in finding that the harm she suffered was a crime of opportunity, but she presents no argument in support of that statement, cites no law, and reiterates the facts without additional explanation.  We have explained that when a petitioner fails to offer argument on an issue in her brief, she abandons that issue.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).   So under the circumstances here, we must conclude that Felix-Marroquin abandoned the nexus issue.[2]

Given that Felix-Marroquin failed to establish that she was persecuted on account of a protected ground, she doesn't qualify for humanitarian asylum or withholding of removal.  8 C.F.R. § 1208.13(b)(1)(iii) (requiring past persecution on account of a

---

[2] Because Felix-Marroquin failed to establish a nexus between her harm and her proposed particular social groups, we don't address whether those groups are cognizable.

4                    Opinion of the Court                    21-12162

protected ground for a grant of humanitarian asylum); *Lin v. U.S. Att'y Gen.*, 555 F.3d 1310, 1317 (11th Cir. 2009) (noting that the standard applicable to withholding-of-removal claims is more stringent than that applicable to asylum claims). Accordingly, we deny Felix-Marroquin's petition for review.

**PETITION DENIED.**