[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 30, 2010
JOHN LEY
CLERK

No. 10-12797
Non-Argument Calendar

_____

Agency No. A088-527-961

HANG ZHENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 30, 2010)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

The petition for review presents one issue:

Whether substantial evidence supports the Board of Immigration Appeal's ("BIA's") finding that petitioner failed to establish his eligibility for asylum because he failed to show that he suffered past persecution or had a well-founded fear of persecution on account of his "other resistance" to China's family planning policy.[1]

Petitioner Hang Zheng argues that substantial evidence does not support the BIA's finding that he failed to establish his eligibility for asylum, because he demonstrated that he suffered past persecution and had a well-founded fear of future persecution on account of his "other resistance" to China's family planning policy. Zheng's claim of past persecution is based on (1) his 1998 arrest, 5-minute beating that left bruises, and 24-hour detention following his objection to the examination of his then-girlfriend and current wife based on a falsely reported pregnancy, (2) his wife's 2007 involuntary sterilization while he was in the United States, and (3) the Chinese government's act of requiring his wife to pay a fine of 25,600 yuan, which she paid the same day it was assessed. Other than the 1998 incident, Zheng does not identify any basis for his fear of future persecution.

We review the BIA's decision as the final judgment unless the BIA expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th

---

[1] The BIA's order of removal denied petitioner's applications for asylum, withholding of removal under the Immigration and Nationality Act and relief under the U.N. Convention Against Torture. His brief to us only challenges the denial of asylum; hence, we do not address the denial of the other applied for relief.

Cir. 2007). Here, the BIA issued its own opinion, so we only review the BIA's decision.

The BIA's factual determinations are reviewed under the highly deferential substantial evidence test, which requires us to view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). We "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (quotation omitted). We will not engage in a *de novo* review of the BIA's factual findings. *Adefemi*, 386 F.3d at 1027.

The Attorney General or Secretary of Homeland Security has discretion to grant asylum if the alien meets the definition of "refugee." Immigration and Nationality Act ("INA") § 208(b)(1)(A); 8 U.S.C. § 1158(b)(1)(A). A "refugee" includes any person who is unwilling to return to, and is unable or unwilling to avail himself of the protection of, the country of his nationality where he last habitually resided, "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A). The

3

applicant has the burden of proof to establish that he is a refugee. INA §

208(b)(1)(A); 8 U.S.C. § 1158(b)(1)(B)(i).

A showing of past persecution creates a rebuttable presumption of a

well-founded fear of future persecution. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d

1226, 1231 (11th Cir. 2005). However, an alien who has not shown past

persecution still may be entitled to asylum if he can demonstrate a future threat in

his country to his life or freedom on a protected ground. 8 C.F.R. § 208.13(b)(2).

To establish eligibility for asylum based on a well-founded fear of future

persecution, the applicant must prove (1) a "subjectively genuine and objectively

reasonable" fear of persecution that is (2) on account of a protected ground. *Al*

*Najjar*, 257 F.3d at 1287, 1289. "The subjective component is generally satisfied

by the applicant's credible testimony that he or she genuinely fears persecution,"

while "the objective prong can be fulfilled either by establishing past persecution

or that he or she has a good reason to fear future persecution." *Id.* at 1289

(quotation omitted).

The "cumulative effects" of the alleged incidents of persecution must

amount to past persecution or a well-founded fear of future persecution. *Delgado*

*v. U.S. Att'y Gen.*, 487 F.3d 855, 861-62 (11th Cir. 2007). Persecution is not

defined in the INA, but it is "an extreme concept, requiring more than a few

4

isolated incidents of verbal harassment or intimidation." *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1199 (11th Cir. 2009) (quotation omitted); *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1171, 1174 (11th Cir. 2008) (holding that a finding of persecution was not compelled based on evidence showing that the alien suffered a minor beating that resulted in scratches and bruises, was detained 36 hours, and was threatened with arrest).

The INA includes in its definition of a "refugee":

> a person who has been forced to . . . undergo involuntary sterilization, or who has been persecuted for . . . other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

INA § 101(a)(42)(B); 8 U.S.C. § 1101(a)(42)(B).

The fact that an asylum applicant's spouse underwent a forced abortion or sterilization does not automatically confer upon the applicant refugee status. *Yu v. U.S. Att'y Gen.*, 568 F.3d 1328, 1332 (11th Cir. 2009). "Rather, the person who did not physically undergo the forced procedure, or is not subject to a well-founded fear of one, must establish actual persecution for resisting a country's coercive family planning policy, or a well-founded fear of future

persecution for doing so." *Id.* at 1333 (quotation omitted). The BIA defines the term "resistance" to include "expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family law." *Id.* at 1334 (quotation omitted). "In simple terms, persecution, or the fear thereof, must be personally endured by the applicant," as a result of his resistance to the forced family planning policy. *Id.* at 1333. Further, the potential for prosecution and punishment for leaving a country illegally is not a statutorily protected ground entitling an alien to asylum. *Lin v. U.S. Att'y Gen.*, 555 F.3d 1310, 1316-17 (11th Cir. 2009).

We conclude that substantial evidence supports the BIA's denial of asylum because Zheng did not demonstrate past persecution based on political opinion or a well-founded fear of future persecution if returned to China. His petition is accordingly

DENIED.