[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2011
JOHN LEY
CLERK

No. 10-15707
Non-Argument Calendar
_____

Agency No. A088-527-961


HANG ZHENG,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 30, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Hang Zheng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA's") denial of his motion to reopen his application for asylum, pursuant to 8 C.F.R. § 1003.2(c). In May 2010, the BIA denied Zheng's original application for asylum, which sought relief based on China's family planning policy and the forced sterilization of his wife.[1] In August 2010, Zheng filed a timely motion to reopen, alleging that, after his hearing before the immigration judge, he adopted the spiritual practice of Falun Gong, for which he would face persecution if he returned to China. In support, he submitted affidavits demonstrating his association with Falun Gong, as well as background materials documenting China's coercive policy towards Falun Gong in 2007 and 2008. The BIA denied Zheng's motion.

A motion to reopen "must be accompanied by the appropriate application for relief and all supporting documentation" and "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). To prove that the new evidence is "material," the alien must establish "that, if the proceedings were opened, the new evidence would

---

[1] While Zheng's motion to reopen was pending, we denied his petition for review of this ruling. *Zheng v. U.S. Att'y Gen.*, 406 Fed.Appx. 464 (11th Cir. 2010) (unpublished).

likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009). Thus, the BIA has the discretion to deny a motion to reopen for at least three reasons: "1) failure to establish a prima facie case of eligibility for asylum or withholding of removal; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374-75 (11th Cir. 2007) (alterations and quotation marks omitted). We review the denial of a motion to reopen removal proceedings for an abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). The moving party bears a "heavy burden," and judicial review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id*.

Zheng argues on appeal that the BIA abused its discretion in denying his motion to reopen because he submitted new and material evidence showing his adherence to Falun Gong and the Chinese government's persecution of Falun Gong practitioners. He also asserts that, contrary to the BIA's conclusion, he did in fact have an asylum application on file.

On this record, we cannot say the BIA abused its discretion in denying Zheng's motion to reopen. First, we note that while Zheng did have an asylum

3

application on file, this original application sought relief based solely on China's family planning policy, and Zheng failed to accompany his motion to reopen with a new asylum application based on his changed circumstances. Even if this alone was not a reason to deny Zheng's motion to reopen, the BIA did not clearly err in finding that none of the background evidence submitted by Zheng concerning China's country conditions was "new," as it was available at the time of his original hearing. Finally, the BIA did not clearly err in finding that the evidence Zheng submitted would be unlikely to change the result in this case, as it provided no information about the Chinese government's current policy towards Falun Gong, as necessary to establish a well-founded fear of persecution based on his status as a Falun Gong practitioner. Accordingly, we deny Zheng's petition for review.

**PETITION FOR REVIEW DENIED.**