[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13335
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2011
JOHN LEY
CLERK

Agency No. A096-736-277


ZE CONG WANG,

                                                    Petitioner,

versus

U. S. ATTORNEY GENERAL,

                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 18, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

    Ze Cong Wang, a native and citizen of China proceeding pro se, seeks

review of the Board of Immigration Appeals' ("BIA") final order denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT").

Wang's claims are based on his assertion that Chinese authorities beat him and terminated his government employment after he physically resisted the forced termination of his wife's pregnancy. The Immigration Judge ("IJ") denied Wang's asylum claim because it was untimely, and denied the remaining claims after concluding that Wang lacked credibility. Wang appealed to the BIA, and separately filed a motion to remand the case to the IJ for consideration of a claim of ineffective assistance of counsel. In a single final order, the BIA denied Wang's claims for relief and his motion to remand.

Wang now petitions this Court for review. He raises four issues, which we address in turn.[1]

I.

First, Wang argues that the BIA erred in holding that ineffective assistance of counsel does not excuse his untimely asylum application. With respect to

---

[1] Because Wang petitions pro se, we liberally construe his petition for review. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

2

whether an application is timely, "[n]o court shall have jurisdiction to review any determination" in this respect. 8 U.S.C. § 1158(a)(3). We have held that this provision deprives us of jurisdiction to determine "whether an alien filed within one year or established extraordinary circumstances to excuse an untimely filing." Sanchez Jiminez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007).

Here, the BIA determined that Wang had not filed his asylum application within a year of his entry into the United States, and that he did not qualify for any of the exceptions to the timeliness requirement. Our precedent thus forecloses our consideration of this issue on appeal. Sanchez Jimenez, 492 F.3d at 1231. Accordingly, we lack jurisdiction to review the BIA's determination, and dismiss the petition with respect to Wang's asylum claim.

## II.

Second, Wang argues that the BIA's adverse credibility determination was not supported by substantial evidence. Specifically, he contends that the BIA erred in concluding that an earlier application for adjusted status containing his name and personal information contradicted his testimony that he had not before initiated immigration proceedings. To this end, Wang asserts that someone forged the earlier application, using his name without his permission. He asserts further

that the BIA placed undue emphasis on his inability to explain the application at his removal hearing.

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). Here, the BIA did not expressly adopt the IJ's decision, and, therefore, we review only the BIA's decision. See id.

The BIA's credibility determinations are factual findings that we review under the substantial evidence test. See id. Under this test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (quotation marks omitted). "To reverse a factual finding by the BIA, [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). Moreover, the fact that an applicant provides "tenable" explanations concerning the implausible aspects of his claim does not compel a finding that the credibility determination was not supported by substantial evidence, particularly where there is a relative lack of corroborating evidence. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006) (per curiam).

We affirm the BIA's adverse credibility determination. The numerous inconsistencies between Wang's testimony and the documentary evidence in the record substantially support the BIA's determination. Most tellingly, Wang testified that he was not married to a woman in the United States, despite contrary evidence including a New York marriage certificate and an application for adjusted status based on such marriage. And, while Wang claims that these documents are fraudulent, his uncorroborated allegations of forgery do not compel us to find that the BIA's credibility determination was not supported by substantial evidence. Chen, 463 F.3d at 1233; Farquharson, 246 F.3d at 1320. As such, we must affirm.

III.

Third, Wang argues that substantial evidence does not support the BIA's denial of withholding of removal and CAT relief. At the outset, he contends that he is entitled to a presumption of past persecution under 8 U.S.C. § 1101(a)(42)(B). He then argues in the alternative that he established both past persecution and a well-founded fear of future persecution based on his opposition to China's one-child policy, and that he established that it is more likely than not that the Chinese police would torture him if he were removed.

Persecution under the INA is "an extreme concept." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam). Thus, we have held that

5

a single detention and beating did not constitute persecution because the applicant suffered only minor injuries, in the form of bruising. Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008). Regarding resistance to population control programs, Congress has prescribed that:

> [A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion.

8 U.S.C. § 1101(a)(42)(B). We in turn have held that the spouses of women who underwent forced procedures are not entitled to a presumption of persecution under this provision. Yu v. U.S. Atty. Gen., 568 F.3d 1328, 1332 (11th Cir. 2009) (per curiam) (deferring to the BIA's interpretation). Instead, these petitioners must establish that they suffered "actual persecution" as a result of their resistance to a procedure. Id. at 1333.

Moreover, in order to establish eligibility for withholding of removal, an applicant must show that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Similarly, to establish eligibility for CAT relief, an applicant must show that it is more likely than not that he will be tortured by, or with the acquiescence of, government officials if returned to the

6

designated country of removal. 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1).

Upon a thorough review of our precedent and the proceedings below, we affirm the BIA's conclusion that Wang failed to establish a well-founded fear of future persecution. Even if we accept that Wang was beaten on account of his political opinion, he continued to live in China for the next twelve years, during which time he suffered no further harm at the hands of Chinese authorities.[2] This prolonged period of peaceful residence constitutes substantial evidence to support the BIA's conclusions that Wang was not likely to be persecuted if forced to return to China. See Sepulveda, 401 F.3d at 1232–33; 8 C.F.R. § 1208.16(c).[3] Accordingly, the BIA did not abuse its discretion in concluding that Wang could safely return to China.

IV.

Finally, Wang asserts that the BIA denied him due process by failing to render a decision on his motion to remand for ineffective assistance of counsel.

---

[2] Wang asserts that he suffered economic persecution because he was fired from his government job, but we agree with the BIA that his ability to find other sufficient work rendered him unable to make the necessary showing that he faced "a threat to [his] life or freedom." In re Acosta, 19 I. & N. Dec. 211, 222 (BIA 1985), rev'd in part on other grounds, In re Mogharrabi, 19 I. & N. Dec. 439 (BIA 1987). As such, the BIA did not abuse its discretion in denying relief on this ground.

[3] Wang's claim that he is wanted for questioning regarding events stemming from the protests against his neighborhood's condemnation similarly does not suffice to show persecution, because that investigation is not based on a statutorily protected ground. See Lin v. U.S. Att'y Gen., 555 F.3d 1310, 1316 (11th Cir. 2009) (quotation marks omitted).

We disagree.

We review the BIA's denial of a motion to remand for an abuse of discretion. See Al Najjar, 257 F.3d at 1302. We have held that the BIA does not abuse its discretion when it filters ineffective-assistance claims through the procedural requirements established in In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), which provide that an alien must: (1) support his motion with an affidavit that includes a statement setting forth in detail the agreement that was entered into with former counsel and the representations counsel did or did not make to the alien in this regard; (2) show that his former counsel was informed of the allegations of ineffective assistance and allowed an opportunity to respond; and (3) indicate in the motion whether a complaint was filed with appropriate disciplinary authorities regarding the representation, and if not, why not. See Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1223 (11th Cir. 2003) (per curiam).

The BIA treated Wang's motion to remand as part of the appeal, and denied the motion after finding that he failed to comply with the Lozada requirements and also that he failed to substantiate his claim. The BIA did not abuse its discretion in so concluding. Wang argues that two individuals, one a lawyer and one a non-lawyer "immigration consultant," ineffectively counseled him during his asylum procedures. Regarding his complaint against the lawyer, Wang has not complied

8

with the procedures set forth in <u>Lozada</u>, and therefore the BIA's denial was not an abuse of discretion. <u>Gbaya</u>, 343 F.3d at 1223. As to the non-lawyer, in light of its adverse credibility determination, the BIA did not abuse its discretion in rejecting Wang's uncorroborated explanation that non-attorney forged Wang's name on certain documents. <u>Chen</u>, 463 F.3d at 1233; <u>Farquharson</u>, 246 F.3d at 1320. Accordingly, we deny Wang's petition in this respect.

V.

For the foregoing reasons, we dismiss petitioner's motion in part and deny petitioner's motion in part.

**PETITION DENIED**.