[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14891
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2011
JOHN LEY
CLERK

Agency No. A095-716-408


JI MEI JIANG,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 27, 2011)

Before CARNES, HULL, and BLACK, Circuit Judges.

PER CURIAM:

Ji Mei Jiang seeks review of the Board of Immigration Appeals's order affirming the Immigration Judge's denial of her application for asylum and withholding of removal under the Immigration and Nationality Act. Jiang contends that she established that she had suffered past persecution on account of her religion and that she has a well-founded fear of future persecution.

I.

Jiang, a native and citizen of China, began attending an unregistered underground Christian church at the home of its leader "Sister" Chen in 2005. A few months later the police raided that house during a church meeting Jiang was attending. She successfully fled through a side door and went to her aunt's house in another city. While there her biological sister told her that the police had repeatedly come to their parents house to arrest Jiang. Jiang was also told that the police had arrested Sister Chen and beaten her before eventually releasing her. A month later Jiang came to the United States.

In 2009 Jiang filed for asylum and withholding of removal.[1] Although Jiang was never arrested or beaten, she testified that she is afraid that she will be

---

[1]She also made a claim under the United Nations Convention Against Torture, which the BIA dismissed She did not raise that issue in her appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1335 (11th Cir. 2004) ("We will not address a claim that has been abandoned on appeal . . . .").

arrested if she returns to China on account of her Christian faith and because she attends meetings at an underground church.[2] The IJ denied her application. The BIA affirmed the IJ's decision and dismissed the appeal. It stated that:

> We agree with the Immigration Judge's determination that the respondent did not suffer past persecution. Nor are the respondent's fears of being arrested and beaten on account of her religious practice and participation in an underground church well-founded. While her fear may in-fact be subjectively genuine, the record does not support that it is objectively reasonable. As noted by the Immigration Judge, the Country Report indicates that the government allows Christian churches to register, and that the government interferes only with unregistered and underground churches, though such interference varies greatly from locality to locality. The respondent has the burden of proof on her application for relief from removal, and she has failed to establish the degree of government interference with underground churches, if any, in her locality.
>
> We reject the respondent's argument on appeal that there is a pattern or practice of persecution in China against people who practice Christianity, as the record before us does not support that the threat of harm to Christians by the Chinese government is so systemic or pervasive as to amount to a pattern or practice of persecution.

(quotation marks and footnote omitted).

II.

---

[2]She also argued to the IJ and BIA that she feared that she would be sterilized if she returned to China because she was pregnant with her second child. The IJ and BIA did not find that this was a basis for relief and Jiang did not raise that issue on appeal. See Access Now, 385 F.3d at 1335 ("We will not address a claim that has been abandoned on appeal . . . .").

3

We review de novo the BIA's legal conclusions. Lin v. U.S. Att'y Gen., 555 F.3d 1310, 1314 (11th Cir. 2009). We review findings of fact "under the substantial evidence test, which requires us to affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation marks omitted). Under this test, "we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Put another way, we will reverse the BIA only upon finding that the record compels reversal. See Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002).

To establish eligibility for asylum, an applicant must establish "(1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of future persecution on account of a statutorily-protected ground." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006).

The record does not compel us to find that the BIA erred when it found that Jiang, who was never arrested or physically injured, did not suffer past persecution. See Lin, 555 F.3d at 1316 (explaining that a "[petitioner] suffered no harm amounting to persecution that would render him eligible for asylum" when

4

he was "threatened with arrest, but was neither detained nor physically injured"); Barreto-Claro v. U.S. Att'y Gen., 275 F.3d 1334, 1340 (11th Cir. 2001) (finding that the petitioner did not suffer past persecution when "[he] was not physically harmed . . . [and he was] [n]ever arrested or detained").

Nor does the record compel us to conclude that Jiang proved that she has a well-found fear of future persecution based on a statutorily protected ground. To prevail, she has to prove that her fear of persecution is "both subjectively genuine and objectively reasonable." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). Even assuming that Jiang's fears are subjectively genuine, she has not proven that they are objectively reasonable.

Jiang does not contest the BIA's finding that the government allows Christian churches to register and that the government interferes only with unregistered churches. Accordingly, she has not proved that she fears persecution based on practicing her religion in China; instead, her fears are related only to her decision to attend an unregistered underground church. Cf. Lin, 555 F.3d at 1316 ("[Petitioner] feared he would be prosecuted for striking a [government] official and leaving China illegally. Because these are not statutorily protected grounds, [petitioner] cannot [show a well-founded fear of future persecution]."); Barreto-Claro, 275 F.3d at 1340 (explaining that although the petitioner fled Cuba illegally

5

because of his "anti-Castro political opinion," his fear of future persecution derives from his illegal exit, and "[p]rosecution for violating Cuba's travel laws is not persecution"). Even assuming that the government's actions constitute persecution, she has failed to show that such persecution occurs in her locality given that interference with underground churches varies greatly from locality to locality. At most she has shown that Sister Chen, the leader of the unregistered underground church in her locality, was arrested and beaten. The record, however, indicates that underground church leaders face harsher punishments. Jiang has not provided any evidence suggesting that such actions have been taken against any non-leader members of her church, or members of any other unregistered underground church in her locality, or that there is an arrest warrant that has been issued for her.

Because Jiang did not meet the standard of proof for asylum relief she cannot meet the higher standard for eligibility for withholding of removal. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232–33 (11th Cir. 2005).

**PETITION DENIED.**