[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10172
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 20, 2011
JOHN LEY
CLERK

Agency No. A098-730-879

SERGIO ROLANDO CORDOVA PINEDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 20, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Sergio Rolando Cordova-Pineda, through counsel, petitions for review of the final order of the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). On appeal, Cordova-Pineda argues that the BIA erred in assuming that his testimony was credible, rather than making a "clean" credibility finding, and affirming the IJ's decision based on his failure to carry his burden of proof for asylum, withholding of removal, and CAT relief. After thorough review, we deny the petition.[1]

We review only the BIA's decision when the BIA issues a separate decision, "except to the extent that [the BIA] expressly adopts the IJ's opinion." Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004) (quotations

---

[1] As an initial matter, we reject the government's argument that Cordova-Pineda's petition for review was untimely, and as such, we lack jurisdiction to review it. While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. 8 U.S.C. § 1252(a)(1), (b)(1). We do not have jurisdiction to review a final order of removal if the petition for review is not filed within this deadline, as "the statutory limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional, [and] it is not subject to equitable tolling." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quotation omitted). However, because the record shows that Cordova-Pineda filed his petition for review within the 30-day limit, we have jurisdiction to review it.

2

omitted). "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA wrote a separate decision with analysis and also adopted the IJ's reasoning. Therefore, we will review both decisions.

We review the BIA's legal conclusions de novo, and the BIA's and IJ's factual findings under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (discussing the standard of review for an IJ's factual determinations); Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc) (explaining the standard of review for a BIA's factual findings); Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001) (stating that we conduct a de novo review of a legal challenge to the BIA's decision). Under the substantial evidence test, we should "affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue, 401 F.3d at 1286 (quotation and alteration omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. Office of the U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (quotations omitted). To reverse factual findings, we must "find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

3

"[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi, 386 F.3d at 1027.

Like factual findings, credibility determinations are reviewed under the substantial evidence test. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2006). The BIA must make "clean determinations of credibility," and state explicitly that the applicant's testimony was not credible. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (quotation omitted). When the BIA fails to make an explicit adverse credibility determination, we accept the petitioner's testimony as credible. Lin v. U.S. Att'y Gen., 555 F.3d 1310, 1313 n.2 (11th Cir. 2009).

An alien who arrives in, or is present in, the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The U.S. Attorney General or Secretary of DHS has discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is defined in the INA as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Najjar, 257 F.3d at 1284. To establish asylum eligibility

the alien must, with specific credible evidence, establish (1) past persecution on account of a statutorily protected factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such persecution. 8 C.F.R. § 208.13(b); Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006).

Past persecution is established when the applicant shows that (1) he was persecuted, and (2) the persecution was on account of a protected ground. Silva, 448 F.3d at 1236. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutory factor. Najjar, 257 F.3d at 1287 (quotations and emphasis omitted). If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon return, unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal, or that the alien could relocate within the country and it would be reasonable to expect him to do so. 8 C.F.R. § 208.13(b).

An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if he can demonstrate a future threat in his country to his life or freedom on the basis of a protected ground. Id. To establish a well-founded fear, an applicant must demonstrate that his fear of future persecution is "subjectively

genuine and objectively reasonable." Najjar, 257 F.3d at 1289-90. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." Id. at 1289. "[T]he objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Id. (quotation omitted). The alien must show a nexus between a statutorily protected ground and the feared persecution, and he can do so by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily listed factor. Forgue, 401 F.3d at 1286 (quotations and emphasis omitted).

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2004) (quotations and alteration omitted). Moreover, menacing telephone calls and threats to the alien and family members do not rise to the level of past persecution that would compel reversal of an IJ's decision. Id.

Persecution on the basis of political opinion must be on account of the victim's opinion, not the persecutor's opinion. Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437-38 (11th Cir. 2004) (withholding of removal context); accord INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992) (asylum context). "[A]n imputed political

6

opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." Najjar, 257 F.3d at 1289 (quotations and alteration omitted). "An asylum applicant may prevail on a theory of imputed political opinion if he shows that the persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views." Id. (quotations and alterations omitted).

To qualify for withholding of removal under the INA, an alien must show that, if he returned to his country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Mendoza, 327 F.3d at 1287. Generally, when an alien fails to meet the "well-founded fear" standard for establishing asylum eligibility, the alien cannot establish the higher burden for withholding of removal. Najjar, 257 F.3d at 1292-93.

The burden of proof for an alien seeking withholding of removal under the CAT, like the burden for an alien seeking withholding of removal under the INA, is higher than the burden for showing entitlement to asylum. Id. at 1303. Thus, where the alien is unable to meet the less stringent standard for asylum, his claim for CAT

relief necessarily fails. <u>Zheng v. U.S. Att'y Gen.</u>, 451 F.3d 1287, 1292 (11th Cir. 2006).

In this case, substantial evidence supports the BIA's and IJ's denial of asylum.[2] First, Cordova-Pineda did not establish that he suffered from past persecution in Guatemala based on a statutorily protected factor because the two threatening phone calls to his father's home did not rise to the level of persecution. <u>See</u> <u>Sepulveda</u>, 401 F.3d at 1231.

Additionally, he did not establish that he had a well-founded fear of future persecution based on a protected ground. <u>See</u> <u>Najjar</u>, 257 F.3d at 1289. Even if Cordova-Pineda subjectively feared persecution, his fear is not objectively reasonable based on the record evidence, and he did not show a nexus between a statutorily protected ground and the feared persecution. <u>See</u> <u>Forgue</u>, 410 F.3d at 1286. Cordova-Pineda testified that the only people whom he feared in Guatemala were two government officials, Alfonso Portillo and Efrain Montt. However, as the BIA

---

[2] We note that although the IJ found that Cordova-Pineda's testimony was not credible, the BIA decided not to review the IJ's credibility determination and assumed that Cordova-Pineda's testimony was credible. Thus, we must accept Cordova-Pineda's testimony as credible. <u>See</u> <u>Lin</u>, 555 F.3d at 1313 n.2; <u>Yang</u>, 418 F.3d at 1201. Because we do so, Cordova-Pineda's argument that the BIA was required to make a further credibility determination is moot. Further, Cordova-Pineda's assertion that the IJ's adverse credibility determination prevented him from establishing the requisite nexus for asylum based on an imputed political opinion is without merit because the BIA assumed that Cordova-Pineda's testimony was credible, and he still did not establish that he was entitled to asylum.

properly noted and the 2008 Guatemala Country Report indicates, Portillo is no longer in charge of the government and is facing corruption charges. These changed circumstances undermine Cordova-Pineda's fear of persecution. Further, Cordova-Pineda did not establish that there was a likelihood of persecution based on an imputed political opinion because Montt belonged to the same political party as Cordova-Pineda's father. See Elias-Zacarias, 502 U.S. at 482; Sanchez, 392 F.3d at 437-38.

Because Cordova-Pineda failed to establish past persecution or a well-founded fear of persecution on account of political opinion or any other protected grounds to support his asylum claim, there are no grounds for reversing the determination that he is not entitled to withholding of removal or CAT relief. See Najjar, 257 F.3d at 1292-93, 1303; Zheng, 451 F.3d at 1292. Moreover, as the government properly noted, Cordova-Pineda has abandoned his claims of withholding of removal and CAT relief by failing to offer any argument contesting the basis of the BIA's decision in his initial brief. See Sepulveda, 401 F.3d at 1228 n.2 ("When an appellant fails to offer argument on an issue, that issue is abandoned."); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that a passing reference to an issue in a brief is insufficient to properly raise that issue). Accordingly, we deny the petition for review.

**PETITION DENIED**.