[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10766
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2011
JOHN LEY
CLERK

Agency No. A098-948-675

CLINT ETIENNE DU PLOOY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 12, 2011)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Clint Etienne Du Plooy petitions for review of the Board of Immigration

Appeals' order affirming the Immigration Judge's denial of his application for withholding of removal under the Immigration and Nationality Act. Du Plooy contends that he established that he had suffered past persecution because of his membership in a particular social group—white police officers.

I.

Du Plooy, a native and citizen of South Africa, entered the United States on a B-2 visa that expired on December 5, 2006. The Department of Homeland Security served Du Plooy with a notice to appear in December 2008, charging him with removability under 8 U.S.C. § 1227(a)(1)(B). Du Plooy admitted the allegations and conceded removability, but he requested withholding of removal and relief under the United Nations Convention Against Torture (CAT).[1]

At his removal hearing, Du Plooy testified that his job as a police officer was to remove from the road cars that were in poor condition. Some of the owners of cars and taxis he stopped would beat him, and other police officers who owned taxis he stopped had threatened him. His wife, Jacqueline Du Plooy, testified that the area her husband policed was dangerous because of "taxi wars" between the owners of certain taxi routes. She testified that when Du Plooy had removed taxis

---

[1] Du Plooy does not challenge the BIA's denial of CAT relief, so that claim is abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

from the streets that were not roadworthy he had interfered with the taxi owners' incomes. She said that their family was in danger because he had enforced the law. On questioning from the IJ, Du Plooy conceded that a black officer who had similarly enforced the law would likely have been subjected to the same threats.

The IJ denied Du Plooy's application for withholding of removal or CAT relief. The IJ found that Du Plooy had not established past persecution or that he was more likely than not going to be persecuted in the future. The IJ also found that he had not shown a "nexus between any harm that he suffered and a protected ground" for which withholding of removal could be granted, and the IJ concluded that whatever harm he had suffered was not the result of being a white police officer but instead was a result of his interference with the taxi owners' income.

Du Plooy appealed to the BIA, which affirmed the IJ's final order of removal. It concluded that the IJ had correctly determined that Du Plooy had failed to establish that he would be a target for harm on account of membership in a particular social group. It concluded that Du Plooy had not established that he was targeted due because he was a white policeman, but instead was targeted because he gave safety or traffic citations to taxi cab drivers.

II.

"Where the BIA issues a decision, we review that decision, except to the extent that it expressly adopts the IJ's opinion." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Id. Here, we review the BIA's decision on withholding of removal because the BIA did not expressly adopt the IJ's decision.

We review de novo the BIA's legal conclusions. Lin v. U.S. Att'y Gen., 555 F.3d 1310, 1314 (11th Cir. 2009). We review findings of fact "under the substantial evidence test, which requires us to affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation marks omitted). For us to reverse, we must find that the record compels a contrary conclusion, not merely that it supports one. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

Du Plooy is entitled to withholding of removal if his "life or freedom would be threatened in [South Africa] because of his race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). Even assuming that white police officers qualify as a particular social group, substantial evidence supports the BIA's conclusion that Du Plooy was not targeted because he was a white police officer. Instead, he was targeted due to his attempts to enforce traffic and safety laws.

4

**PETITION DENIED.**