[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14941
Non-Argument Calendar

_____

Agency No. A088-920-938

RIGOBERTO AVILA-SANTOYO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 16, 2012)

Before BARKETT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Rigoberto Avila-Santoyo, a native and citizen of Mexico, appeals the Board of Immigration Appeals' (BIA's) order dismissing his appeal from the Immigration Judge's (IJ's) denial of his motion to reopen removal proceedings. Avila-Santoyo was ordered removed pursuant to a stipulated order of removal on March 13, 2009. On July 19, 2011, he filed an emergency motion to rescind his removal order and reopen his removal proceedings. Avila-Santoyo asserts the BIA erred in finding the IJ lacked jurisdiction under the departure bar to reopen his removal proceedings, because the departure bar conflicts with an alien's statutory right to file one motion to reopen pursuant to 8 U.S.C. § 1229a(c)(7)(A). He also argues the BIA abused its discretion in finding, in the alternative, that his motion was untimely and not subject to equitable tolling. Finally, Avila-Santoyo argues we have jurisdiction to review the BIA's refusal to reopen the proceedings *sua sponte*, and the BIA erred in refusing to exercise its discretion in this regard because his stipulated order of removal and waiver of hearing was not knowing, voluntary, and intelligent, in violation of his due process rights.

## I. DISCUSSION

### A. *Departure bar*

As an initial matter, this Court recently held that 8 C.F.R. § 1003.2(d), the "departure bar" regulation stating the BIA may not entertain a motion to reopen

2

filed by or on behalf of a person who has departed the United States, impermissibly conflicts with an alien's statutory right to file one motion to reopen pursuant to 8 U.S.C. § 1229a(c)(7)(A). *Lin v. U.S. Att'y Gen.*, 681 F.3d 1236, 1241 (11th Cir. 2012). Thus, based on *Lin*, the BIA erred in finding the IJ lacked jurisdiction under the departure bar in 8 C.F.R. § 1003.23(b)(1) to reopen Avila-Santoyo's removal proceedings. Because the BIA correctly dismissed his petition on an alternate ground, however, this error does not warrant granting Avila-Santoyo's petition.

B. *The BIA's decision that Avila-Santoyo's motion to reopen was untimely*

Ordinarily, an alien who is subject to a final order of removal and wishes to reopen the proceedings may file one motion to reopen. 8 U.S.C. § 1229a(c)(7)(A). The time limitation for filing such a motion varies depending on the nature of the proceeding the alien seeks to reopen. 8 U.S.C. § 1229a(c)(7)(C). Generally, a motion to reopen must be filed within 90 days of the date of the final removal order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).

Avila-Santoyo failed to meet the statutory requirements for filing a motion to reopen. It is undisputed that Avila-Santoyo's motion to reopen was not filed within the 90-day time limit. That time limit runs for 90 days from the date of the final administrative decision—in this case, from the IJ's March 13, 2009, order of

3

removal.  Avila-Santoyo's motion to reopen before the IJ was filed in July 2011, well more than 90 days after the final removal order.  Accordingly, the BIA did not abuse its discretion[1] in finding that Avila-Santoyo's motion to reopen was due to be dismissed as untimely.

Furthermore, because Avila-Santoyo stipulated to his removal, he was not removed pursuant to the *in absentia* process specifically set forth at 8 U.S.C. § 1229a(b)(5).  Although he claims that his waiver of his right to a removal hearing was not knowing and intelligent, such a claim, even if true, in no way transforms his stipulated removal order into an *in absentia* removal order.  Avila-Santoyo could have raised this issue in a timely appeal to the BIA or a timely motion to reopen or reconsider the IJ's decision.  He did not.  The fact that he chose not to appeal the allegedly invalid removal order and waiver, or to move to reopen removal proceedings, does not mean that he may now argue that he was removed *in absentia* such that his untimely motion to reopen is excused.

Finally, because the 90-day period for filing a motion to reopen before the BIA "is mandatory and jurisdictional, and, therefore, is not subject to equitable tolling," the BIA did not abuse its discretion in finding that Avila-Santoyo's

---

[1]  We review the denial of a motion to reopen removal proceedings for an abuse of discretion.  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

untimely motion to reopen was not subject to equitable tolling. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005).

C. *The BIA's refusal to reopen proceedings* sua sponte

We lack jurisdiction to review the BIA's denial of a motion to reopen based on its *sua sponte* authority because 8 C.F.R. § 1003.2(a) provides no meaningful standard against which to judge the BIA's exercise of its discretion. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-94 (11th Cir. 2008). Therefore, we lack jurisdiction to review the BIA's denial of Avila-Santoyo's motion to reopen based on its *sua sponte* authority pursuant to 8 C.F.R. § 1003.2(a). *See id.*

Although we noted in *Lenis*, that "an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power," contrary to Avila-Santoyo's assertion, the BIA's comments regarding its reasoning for declining to exercise its *sua sponte* power to consider his appeal do not amount to "legal" or "constitutional reasoning" so as to arguably confer jurisdiction in this case. *Lenis*, 525 F.3d at 1294 n.7. Avila-Santoyo asserts the BIA decided his due process claim on the merits, based on the BIA's statement that it disagreed with Avila-Santoyo's claim that it would be "extremely unfair" to hold him to the stipulated order of removal. This statement, however,

5

merely explained the BIA's determination that Avila-Santoyo had not demonstrated any exceptional circumstances warranting *sua sponte* reopening. Therefore, even assuming that the *Lenis* rationale has no application to the legal and constitutional reasoning underlying the BIA's refusal to exercise its *sua sponte* authority to reopen removal proceedings, as Avila-Santoyo asserts, the BIA's comments regarding its reasoning for dismissing his appeal would not amount to "legal" or "constitutional reasoning" so as to confer jurisdiction in this case.

## II.  CONCLUSION

Although the BIA erred in finding the IJ lacked jurisdiction under the departure bar in 8 C.F.R. § 1003.23(b)(1) to reopen Avila-Santoyo's removal proceedings, the BIA did not abuse its discretion in finding, in the alternative, that Avila-Santoyo's motion to reopen was due to be dismissed because it was untimely and not subject to equitable tolling.  We dismiss for lack of jurisdiction any argument concerning the BIA's refusal to exercise its *sua sponte* authority. Accordingly, we deny in part, and dismiss in part, the petition for review.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

6