[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10151
Non-Argument Calendar
_____

Agency No. A088-920-938


RIGOBERTO AVILA-SANTOYO,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 10, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Rigoberto Avila-Santoyo, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his motion to reopen removal proceedings, pursuant to 8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.2. It is undisputed that Avila-Santoyo's motion to reopen was not filed within the 90-day limit prescribed in 8 U.S.C. § 1229a(c)(7)(C)(i). This matter is again before us after we first vacated and remanded en banc the BIA's order denying reopening, and held that "the 90-day deadline to file a motion to reopen immigration removal proceedings [was] not jurisdictional, but rather [was] a claim-processing rule subject to equitable tolling." *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1359 (11th Cir. 2013) (en banc) (per curiam). We then remanded to the BIA "to consider whether to grant Avila-Santoyo's request for equitable tolling" of the deadline. *Id.* at 1365.

In addition to his equitable tolling argument, Avila-Santoyo's argues that (1) his waiver was not knowing, intelligent, and voluntary; (2) his removal proceedings can be reopened because he was improperly removed in absentia; and (3) the BIA erred in refusing to sua sponte reopen Avila-Santoyo's removal proceedings under 8 C.F.R. §§ 1003.2(a), (c). These issues were properly decided by this court in *Avila-Santoyo v. U.S. Att'y Gen.*, 487 F. App'x. 478 (11th Cir. 2012) (per curiam), *vacated and superseded on reh'g,* 713 F.3d at 1365, and we

2

will not readdress them here.  We incorporate by reference the analysis and reasoning of our prior opinion disposing of Avila-Santoyo's claims that do not relate to his equitable tolling argument.  *Avila-Santoyo*, 487 F. App'x at 480–81.  Accordingly, we will now address whether the BIA abused its discretion when it denied Avila-Santoyo's motion to reopen finding that his motion was not subjected to equitable tolling.

We review the denial of a motion to reopen removal proceedings for an abuse of discretion.  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam).  Judicial review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  The moving party bears a heavy burden, as motions to reopen are disfavored, especially in removal proceedings."  *Id*. (citation omitted).  The BIA's factual determinations are reviewed under the deferential substantial evidence test.  *Lin v. U.S. Att'y Gen*., 555 F.3d 1310, 1314 (11th Cir. 2009).  Under that test, we will affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.  *Id.*  We review de novo the BIA's and IJ's legal conclusions.  *Id.*  And we review only the BIA's decision, except to the extent it expressly adopts the IJ's decision.  *Id.*

An alien may file one motion to reopen, and that motion must be filed no later than 90 days after the date on which a final administrative decision was

3

rendered.  8 U.S.C. § 1229a(c)(7)(A),(C); 8 C.F.R. § 1003.2(c)(2).  The time bar for motions to reopen is not jurisdictional, and thus equitable tolling may be available.  *Avila-Santoyo*, 713 F.3d at 1362–65.  To establish eligibility for equitable tolling, a litigant must show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way.  *Id.* at 1363 n.5.  Tolling is an "extraordinary remedy" that should be used sparingly, but courts may toll time limitations when an inequitable event prevents a party's timely action.  *Booth v. Carnival Corp*., 522 F.3d 1148, 1150 (11th Cir. 2008).  Here, the BIA did not abuse its discretion in denying Avila-Santoyo's motion to reopen.  It is undisputed that Avila-Santoyo did not file his motion to reopen within the 90-day limit contained in the statute, and the BIA did not abuse its discretion in concluding that Avila-Santoyo failed to establish eligibility for equitable tolling because he did not demonstrate due diligence.

Avila-Santoyo raises several arguments as to how he did establish eligibility for equitable tolling.  First, he argues that the BIA should have measured his due diligence from the time he discovered the error because of the immigration officials' "misconduct" and alleged misrepresentations to him.  This argument is unavailing.  The Supreme Court has recognized that equitable tolling may be appropriate where a claimant is induced to forego his rights due to the other party's fraud or misconduct.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111

4

S. Ct. 453, 457–58 (1990); *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S. Ct. 582, 585 (1946).  This court, too, has held that where one party acts with "affirmative misconduct, such as deliberate concealment," such that it was "nearly impossible" for the other party to discover certain pertinent facts, equitable tolling can be appropriate.  *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1155 (11th Cir. 2005) (per curiam) (equitable tolling appropriate where Chilean government purposefully concealed the manner of man's death and place of burial because his family could not possibly have pursued their claims until they received this information); *see also IBT Int'l, Inc. v. Northern* (*In re Int'l Admin. Servs., Inc.*), 408 F.3d 689, 700–02 (11th Cir. 2005).

Here, Avila-Santoyo has failed to show any affirmative misconduct, such as deliberate concealment or fraud, on the part of the immigration officials.  In the affidavit attached to the motion to reopen, Avila-Santoyo stated that "[t]he immigration officer at Krome told me that if I signed the paperwork he gave me, I could be out of detention quickly.  I figured because the officer worked for immigration, he knew the law and I must not have any rights or way to stay in the United States. . . .  I just signed wherever the immigration officer told me to sign as I thought that was my only choice."  The agents did not lie to him or conceal facts from him such that it was "nearly impossible" for him to know he had the right to file a motion to reopen the proceedings.  Absent such a showing, Avila-Santoyo

5

cannot demonstrate that the government agents' alleged "fraud" or "misconduct" should lead to a later date with which to measure equitable tolling. *Compare Jackson v. Astrue*, 506 F.3d 1349, 1355–56 (11th Cir. 2007) (determining that Social Security claimant's arguments that she did not fully comprehend her rights and that a state court clerk misled her was insufficient to equitably toll administrative filing deadline), *and Kuusk v. Holder*, 732 F.3d 302, 306–07 (4th Cir. 2013) (petitioner's misunderstanding of the limited but accurate advice given her by immigration officials did not establish equitable tolling of an otherwise untimely motion to reopen), *with Cabello*, 402 F.3d at 1155, *and Int'l Admin. Servs.*, 408 F.3d at 700–02.

Avila-Santoyo also argues that he mistakenly relied on the representations of immigration agents because he "figured" that the officers "knew the law" and he "understood only that the fastest way out of detention was to sign the forms." He does not dispute that he received and signed the stipulated removal request in English and Spanish, nor does he dispute that the request plainly stated that he was agreeing to waive his rights to an attorney and to a hearing before an IJ and further stated that he "fully understand[s] its consequences." As Avila-Santoyo himself points out, "knowledge is critical in assessing due diligence," and his knowledge of the rights waived in the removal request makes his reliance on the agents' representations unreasonable. *First Ala. Bank, N.A. v. United States*, 981 F.2d

1226, 1228–29 (11th Cir. 1993) (denying equitable tolling where taxpayers knew or should have known that written notices triggered start of statute of limitations, and could not have "reasonably relied" on oral representations by IRS agents that statute was not yet running).

Furthermore, substantial evidence supports the BIA's determination that Avila-Santoyo did not diligently pursue his rights in the 2 ½-year interim between the removal order and the filing of the motion to reopen. The BIA gave specific, cogent reasons to support its conclusion, including that Avila-Santoyo did not seek legal counsel and made no effort to "rectify" his immigration status either in Mexico or upon his return to the United States. Substantial record evidence supports this conclusion, as Avila-Santoyo makes no claim in his motion to reopen or elsewhere that he questioned the validity of the stipulated removal request, attempted to seek legal counsel, or did anything to preserve his rights during this time. His professed reliance on the representations of immigration agents and his ignorance of any problems with the removal process until mid-2011 does not cure this due diligence deficiency. *See Justice v. United States*, 6 F.3d 1474, 1480 (11th Cir. 1993) (party failed to show due diligence by ignoring and overlooking court deadlines).

In this case, substantial evidence supports the BIA's conclusion that Avila-Santoyo failed to exercise due diligence in preserving his rights, and it follows that

Avila-Santoyo is therefore ineligible for equitable tolling of the statutory filing deadline.  Having reached this conclusion, the BIA did not abuse its discretion in denying Avila-Santoyo's motion to reopen his removal proceedings.

**PETITION DENIED.**